UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUAN BAEZ COLLAZO,

    Plaintiff,

v.                                              Case No. 5:23-cv-170-TKW/MJF

SCOTT DUVALL and A. BROWN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Juan Baez Collazo's complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Collazo's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

On June 20, 2023, Collazo (FDC # W81090), a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil-rights action against two defendants in their individual capacities: (1) Scott Duvall, the deputy warden at the Northwest Florida Reception Center; and (2) A. Brown, a sergeant at the Bay Correctional Facility ("BCF"). Doc. 1 at 2–3. Collazo alleges that on December 1, 2021, while Collazo was confined at BCF, Defendants attacked him. *Id.* at 5. Duvall allegedly punched Collazo in the face "repeatedly" and chocked Collazo, and Brown kicked

Collazo in the back "several times." *Id.* Sometime thereafter, Duvall allegedly threatened Collazo with physical violence if Collazo reported the incident. *Id.* at 6. Collazo alleges that Duvall used a racial slur when threatening him. *Id.*

Collazo asserts against Duvall and Brown an Eighth-Amendment excessive-force claim. Doc. 1 at 7. Collazo also asserts a Fourteenth-Amendment equal-protection claim against Duvall. *Id.* As relief, he requests declaratory relief, injunctive relief, and compensatory and punitive damages. *Id.* at 8.

## II. DISCUSSION

**A.   Screening of Collazo's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e)(2)(B)(i) (same standard for *in forma pauperis* proceedings).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir.

1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under section 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (same); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (same), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.** **Collazo's Disclosures**

Section VIII of the complaint form seeks information regarding a prisoner-plaintiff's prior litigation. Doc. 1 at 9–12. The form states, "**Failure to disclose all prior cases may result in the dismissal of this case.**" *Id.* at 12.

Question B under Section VIII asks, "Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?" *Id.* at 10. Question C under Section VIII asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the

conditions of your confinement?" *Id.* at 11. Collazo answered, "No," to both questions. At the end of his complaint, Collazo signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 12–13.

**C.   Collazo's Omission**

The undersigned takes judicial notice that, when Collazo filed his complaint, he failed to disclose at least one case he filed in federal court that related to both the facts and issues presented in this case and the conditions of his confinement:

- *Collazo v. Duvall*, No. 5:23-cv-40-TKW/MJF, ECF No. 5 (N.D. Fla. Apr. 3, 2023) (alleging that on December 1, 2021, Duvall "repeatedly" punched Collazo in the face).

This case clearly relates to the present lawsuit and the conditions of Collazo's confinement. This case is attributable to Collazo insofar as it bears his FDC #—W81090.

Because he failed to disclose this case in response to Questions B and C, Collazo violated his duty of candor to the District Court.

**D.   Materiality of Collazo's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the

> [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, ECF No. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority

includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Collazo falsely responded to Questions B and C under Section VIII of the complaint form. He knew from reading the questions that he was required to disclose all prior cases filed in federal court that related to the same facts or issues involved in this case or that related to the conditions of his confinement. Doc. 1 at 10–11. Section VIII expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" *Id.* at 12.

There is no excuse for Collazo's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the complaint form were not complicated and the plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Furthermore, the District Court dismissed Collazo's undisclosed case on June 2, 2023—only *18*

*days before* Collazo initiated the present action. *See Collazo*, No. 5:23-cv-40-TKW/MJF, ECF No. 11 (N.D. Fla. June 2, 2023).

Accordingly, a penalty is warranted both to deter Collazo from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.    The Appropriate Sanction Is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The District Court should not allow Collazo's false responses to go unpunished. An appropriate sanction for Collazo's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[1] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8,

---

[1] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The earliest alleged misconduct on which Collazo bases his claims occurred in December 2021, so the statute of limitations likely would not bar Collazo from refiling this action in the near future.

2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Collazo an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Collazo already is incarcerated, a mere admonition or a finding of contempt would not deter Collazo or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Collazo and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11). Thus, the District Court should dismiss this action.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 14th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**