UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUAN BAEZ COLLAZO,

    Plaintiff,

v.                                                                          Case No. 5:23-cv-170-TKW-MJF

SCOTT DUVAL and A. BROWN,

    Defendants.
_____/

## ORDER

    This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 5) and Plaintiff's objection (Doc. 6). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees that this case should be dismissed as malicious based on Plaintiff's failure to completely disclose his litigation history. *See Burrell v. Moore*, 854 F. App'x 624 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury....").

    The Court did not overlook Plaintiff's argument that the reason he did not list the prior case involving the same factual circumstances as this case is that he considered this case to be a "continuation" of the prior case and that the complaint

filed in this case was his "attempt to 'ammend' [sic] a mistake made in [the prior case]." That argument might have merit if the complaint filed in this case included the case number of the prior case and/or was styled as an "amended complaint," but contrary to Plaintiff's assertion in his objection that the case number on the complaint form in this case is "the same as the initial case," the complaint form did not include the prior case number nor did it contain any indication that it was intended to be a belated amended complaint in the prior case.

The Court also did not overlook Plaintiff's argument that he speaks poor English and that he did not understand the problem with his original complaint. But, even if that is true, it is no excuse for Plaintiff's failure to affirmatively answer the question on the complaint form asking whether he "filed any other lawsuits … dealing with the same facts or issues involved in this case" because there is nothing confusing or difficult to understand about that question.

Finally, the Court did not overlook Plaintiff's request that he be allowed to ammend [sic] this complaint one last time." The Court finds that argument unpersuasive because "allow[ing] [Plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an

amended complaint listing the omitted case because that would not be an adequate sanction or deterrent."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (explaining that "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form.").[1]

**ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** for maliciousness and abuse of the judicial process under 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i).

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 31st day of July, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

---

[1] That said, because the dismissal of this case "without prejudice," Plaintiff is not precluded from reasserting the claims in this case in a new complaint under a new case number assuming that he does so before the statute of limitations runs.  However, if Plaintiff files a new complaint, he will need to disclose both this case and the prior case—along with any others that he previously filed—in the litigation history section of the complaint form.